# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

Ehshanti Bey

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ehshanti Bey alleges as follows against Defendant Experian Information Solutions, Inc. ("Experian"):

## INTRODUCTION

1.    This is an action for statutory, actual, and punitive damages arising from Defendant Experian's multiple violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2.    Experian is one of the three largest consumer reporting agencies in the United States. It collects, compiles, and distributes consumer credit information to creditors, landlords, employers, and others who use that information to make consequential decisions about consumers' financial lives. Congress enacted the FCRA to ensure that consumer reporting agencies operate with fairness, impartiality, and a respect for consumers' right to accurate information. 15 U.S.C. § 1681(a).

3.    Experian violated the FCRA in the following ways: (a) by reporting a collection account that is inaccurate and unverified in Plaintiff's consumer file; (b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information it reports about Plaintiff; (c) by failing

# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

to conduct a reasonable reinvestigation of disputed information in Plaintiff's file; (d) by failing to delete or correct inaccurate, incomplete, or unverifiable information following reinvestigation; (e) by reporting a high balance figure that is mathematically impossible because it exceeds the stated credit limit; (f) by maintaining and reporting a consumer file containing multiple conflicting name variations and address entries that reflect systemic data integrity failures; and (g) by failing to provide Plaintiff with a clear and accurate disclosure of all information in Plaintiff's consumer file as required by 15 U.S.C. § 1681g(a).

4.    These violations caused Plaintiff real and concrete harm, including damage to Plaintiff's credit profile, loss of credit opportunities, emotional distress, anxiety, and the expenditure of significant time and resources attempting to identify and remedy inaccuracies that Experian failed to correct.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which provides that any action under the FCRA may be brought in any appropriate United States district court without regard to the amount in controversy.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Randolph, Massachusetts, within this judicial district, and because a substantial part of the events and omissions giving rise to the claims in this action occurred here, including Experian's furnishing of Plaintiff's inaccurate consumer report to third parties who accessed it in connection with credit transactions in this district.

## PARTIES

7.    Plaintiff Ehshanti Bey is a natural person residing in Randolph, Massachusetts 02368. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

8.    Defendant Experian Information Solutions, Inc. is a corporation organized under the laws of the state of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian compiles and maintains files on consumers on a nationwide basis as defined in 15 U.S.C. § 1681a(p), and it regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties. Experian is subject to all duties and obligations imposed by the FCRA.

## FACTUAL ALLEGATIONS

### The Credit Report

9. On or about January 3, 2026, Plaintiff obtained a copy of Plaintiff's Experian consumer credit report bearing Report Number 1298-3442-92 ("the Report"). The Report reflects a FICO Score 8 of 681, generated using Experian data as of January 3, 2026.

10. Upon reviewing the Report, Plaintiff discovered multiple entries containing inaccurate, incomplete, misleading, and unverifiable information as described in detail below.

### The RentDebt Automated Collections Tradeline

11. The Report includes a collection account entry reported by "RENTDEBT AUTOMATED COLLE," with partial account number RD1440388, located at P.O. Box 171077, Nashville, TN 37217; (615) 361-8809.

12. The RentDebt tradeline reflects the following information: Date Opened: October 2025; Terms: 1 Month; Recent Balance: $9,447 as of December 2025; Original Creditor: GM Liberty Place LLC; Account Type: Collection; Status: Collection Account, $9,447 past due as of December 2025. The account is scheduled to remain on record until May 2028.

13. The RentDebt collection account appears in the "Potentially Negative Account Activity" section of the Report and is the only collection account appearing in Plaintiff's Experian file. The Report expressly identifies this account as a factor hurting Plaintiff's credit score.

14. The collection account was opened in October 2025 and reflects only a single month of payment

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

history: a "C" (Collection) status for December 2025. No documentation supporting the validity, accuracy, or verifiability of this debt appears anywhere in Plaintiff's consumer file as disclosed by Experian.

15. The debt reflected in the RentDebt tradeline, in the amount of $9,447, is inaccurate. The account does not reflect a valid, verifiable, or properly documented obligation of Plaintiff. Experian received this tradeline from RentDebt Automated Collections and placed it in Plaintiff's consumer file without taking reasonable steps to verify whether the information was accurate before reporting it to third parties.

**The Citizens Bank Mathematical Impossibility**

16. The Report includes a Citizens Bank credit card account, partial account number 524038901308, reflecting a stated credit limit of $800 and a High Balance of $808.

17. A high balance of $808 on an account with a credit limit of $800 is a mathematical impossibility. By definition, a revolving credit account cannot carry a high balance that exceeds its own credit limit in the ordinary course. No reasonable procedure designed to assure maximum possible accuracy of consumer report information would permit such an internally contradictory figure to be reported without verification or correction.

18. This type of facial inaccuracy, where the high balance exceeds the stated credit limit, is precisely the kind of error that a consumer reporting agency must identify through basic automated data integrity checks. Experian's failure to catch and correct this error reflects a systemic breakdown in its accuracy assurance procedures.

**The Citizens Bank Dispute Notation**

19. The Citizens Bank tradeline described above also includes the comment: "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)," with a Comment History confirming this notation was added in January 2025 and February 2025.

# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

20. The Citizens Bank account carries a status of "Paid, Closed" as of March 2025. The account reflects no delinquency in payment history throughout the entire reporting period.

21. Despite the account being paid, closed, and reflecting a fully clean payment history, the dispute notation remained active in Plaintiff's consumer file as of January 3, 2026 -- nearly a full year after it was first added. The continued reporting of an active dispute notation on a paid and closed account that has been resolved and updated creates a misleading impression to every prospective creditor and other permissible user who reviews Plaintiff's file, signaling ongoing controversy regarding an account that by its own reported status has been fully resolved.

**The Proliferation of Name Variations**

22. The "Your Personal Information" section of the Report reflects no fewer than seven distinct name variations associated with Plaintiff's consumer file, each assigned a separate Name ID by Experian's internal systems:

   a.    EH SHANTI BEY (Name ID #31456)

   b.    EHSHANTI BEY (Name ID #16360)

   c.    EH SHANTI SHUJAA BEY (Name ID #17129)

   d.    EHSHANTI SHUJAA BEY (Name ID #10813)

   e.    EHSHANTI SHUJAA BEY (Name ID #32478)

   f.    EHSHANTI SHUJAABEY (Name ID #6704)

   g.    EH BEY (Name ID #5123)

23. The accumulation of seven distinct name variations, each logged as a separate identity entry in Plaintiff's consumer file, is direct evidence of Experian's failure to maintain reasonable procedures to assure maximum possible accuracy. A consumer reporting agency with properly functioning data integrity procedures would not accumulate seven conflicting variants of the same consumer's name without taking steps to reconcile, verify, and standardize the identifying information.

24. When prospective creditors, landlords, employers, or other permissible users access Plaintiff's

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

Experian consumer report and encounter multiple conflicting name variants, it creates doubt about the accuracy and ownership of the file, raises identity concerns, and can contribute to adverse decisions that Plaintiff cannot prevent so long as the inaccurate data persists.

## The Excessive and Inconsistent Address Entries

25. The Report reflects more than ten distinct address entries associated with Plaintiff's consumer file. Multiple entries carry a geocode designation of "0-00-0," which reflects a data mapping failure signaling that Experian's systems could not verify or properly classify those addresses.

26. Among the address entries, the Report lists "16 Thomas Patten Dr Unit 702, Randolph MA 02368-6840" (Address ID #0918569647, Address Type: Multifamily) and separately "16 Thomas Patten Dr, Randolph MA 02368" (Address ID #0816239751, Address Type: 0-00-0), reflecting the same street address with contradictory unit designations and classification data. This internal inconsistency further demonstrates systemic failures in Experian's data maintenance procedures.

## Dissemination to Third Parties and Resulting Harm

27. Experian disseminated Plaintiff's consumer report, containing all of the above-described inaccuracies, to multiple third parties. The "Who Has Viewed Your Consumer Information" section of the Report reflects hard and soft inquiry entries from Citizens Bank NA, Credit One Bank NA, Capital One Financial, JPMCB, Sharon and Crescent United Credit Union, and others, establishing that Plaintiff's inaccurate Experian consumer report was actively furnished to third parties during the period in which the inaccurate collection account, the mathematically impossible high balance, the stale dispute notation, and the name and address inconsistencies were present in Plaintiff's file.

28. The dissemination of Plaintiff's inaccurate consumer report to these third parties caused Plaintiff concrete and particularized harm, including damage to Plaintiff's credit profile and creditworthiness; the potential receipt of less favorable credit terms; adverse decisions by creditors and other permissible users based on the derogatory collection account; damage to Plaintiff's reputation; and

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

significant emotional distress, anxiety, and frustration arising from the knowledge that false negative information is being actively reported about Plaintiff to the marketplace. See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208-09 (2021).

**Experian's Incomplete Consumer File Disclosure**

29. The Report issued by Experian contains only partial account numbers throughout. Every tradeline in the Report is listed with a "Partial Acct #" rather than a full account number. Under 15 U.S.C. § 1681g(a)(1), Experian is required to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of the request.

30. Experian's practice of disclosing only partial account numbers impairs Plaintiff's ability to identify the accounts being reported, cross-reference them with Plaintiff's own records, and meaningfully dispute information that may be inaccurate. This is particularly prejudicial with respect to the RentDebt Automated Collections tradeline, which Plaintiff disputes and which Plaintiff cannot independently investigate without a full account number.

31. Experian's practice of providing third-party creditors and users with more complete account information than it provides to the consumer whose information is being reported has no lawful basis under the FCRA. A 2000 FTC advisory letter (Darcy, June 30, 2000) confirms that omitting full account data from a consumer file disclosure violates 15 U.S.C. § 1681g(a).

**Willfulness**

32. Experian's violations of the FCRA described above were willful. Experian is one of the largest consumer reporting agencies in the world. It employs thousands of employees and has access to extensive legal and compliance resources. Experian has been the subject of significant litigation, regulatory scrutiny, and enforcement action regarding the exact categories of failure described in this Complaint, including a January 2025 enforcement action brought by the Consumer Financial Protection Bureau specifically addressing Experian's systemic failures to conduct reasonable

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

reinvestigations, maintain accurate consumer files, and properly respond to consumer disputes. Consumer Financial Protection Bureau v. Experian Information Solutions, Inc., Case No. 8:25-cv-00024 (C.D. Cal. 2025).

33. Despite this notice, Experian continued to maintain Plaintiff's file in the condition described above, permitting an unverified collection account to be placed in Plaintiff's file, permitting a mathematically impossible data entry to be reported, permitting a stale dispute notation to remain on a paid and closed account, and allowing the proliferation of name and address inconsistencies without correction.

34. Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a willful violation of the FCRA includes not only knowing violations but also reckless disregard of the Act's requirements. Experian's conduct in the face of regulatory notice and extensive litigation history constitutes, at minimum, reckless disregard of its obligations under the FCRA, entitling Plaintiff to statutory and punitive damages under 15 U.S.C. § 1681n.

## CAUSES OF ACTION

### COUNT I

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
Violation of 15 U.S.C. § 1681e(b)**

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as if fully stated herein.

36. Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

37. Experian violated 15 U.S.C. § 1681e(b) by preparing and furnishing consumer reports about Plaintiff that contained the following inaccurate information: (a) the RentDebt Automated Collections tradeline reporting $9,447 in collection without adequate verification; (b) the Citizens Bank tradeline reporting a high balance of $808 that exceeds the $800 credit limit, which is a mathematical

# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

impossibility; (c) the stale dispute notation on a paid and closed Citizens Bank account; and (d) the seven conflicting name variants and multiple unverifiable address entries maintained and reported in Plaintiff's consumer file.

38. Experian's failure to follow reasonable procedures was the direct and proximate cause of inaccurate information being placed in Plaintiff's consumer file and disseminated to third parties.

39. As a result of Experian's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages including damage to Plaintiff's credit profile, denial or limitation of credit opportunities, emotional distress, and the expenditure of time and resources attempting to identify and remedy these errors.

40. Plaintiff is entitled to:

   a. Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Experian's willful noncompliance;

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in an amount the Court deems appropriate;

   c. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) for Experian's negligent noncompliance, in the alternative;

   d. Costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT II

### Failure to Conduct a Reasonable Reinvestigation of Disputed Information
### Violation of 15 U.S.C. § 1681i(a)(1)(A)

41. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as if fully stated herein.

42. Section 1681i(a)(1)(A) of the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, the agency shall "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the dispute.

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

43. The Citizens Bank tradeline in Plaintiff's file expressly contains the notation "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)," confirming that Experian received and processed a consumer dispute related to this account. Experian's own Comment History confirms this dispute was processed in January 2025.

44. Despite receiving and acknowledging Plaintiff's dispute, Experian's reinvestigation failed to identify and correct the mathematically impossible high balance figure reported on the Citizens Bank account, and failed to remove the stale dispute notation from a paid and closed account, leaving inaccurate and misleading information in Plaintiff's file.

45. A reasonable reinvestigation requires more than merely transmitting an automated dispute code to the furnisher through the e-OSCAR platform and accepting whatever response is returned without further review. See Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997). Where, as here, the inaccuracy is apparent on the face of the reported data itself, a reasonable reinvestigation must include a basic review of the internal consistency of the information being reported.

46. Experian's failure to conduct a reasonable reinvestigation was the direct and proximate cause of the continued reporting of inaccurate information about Plaintiff and the resulting harm described herein. Plaintiff is entitled to the same categories of relief set forth in Count I.

## COUNT III

### Failure to Delete Inaccurate, Incomplete, or Unverifiable Information
### Violation of 15 U.S.C. § 1681i(a)(5)(A)

47. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as if fully stated herein.

48. Section 1681i(a)(5)(A) of the FCRA provides that if, after reinvestigation, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item from the consumer's file or modify that item, as appropriate, based on the results of the reinvestigation.

49. The inaccurate high balance figure on the Citizens Bank tradeline is facially unverifiable as it exceeds the credit limit and is internally inconsistent. The stale dispute notation on a paid and closed

# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

account is misleading and no longer accurate. Despite the processing of a dispute relating to the Citizens Bank account, as confirmed by the dispute notation in the Report itself, Experian failed to delete or modify the inaccurate high balance figure and failed to delete or correct the obsolete dispute notation.

50. Experian's failure to delete or modify this inaccurate information after reinvestigation constitutes a violation of 15 U.S.C. § 1681i(a)(5)(A) and caused Plaintiff the damages described herein. Plaintiff is entitled to the same categories of relief set forth in Count I.

## COUNT IV

**Failure to Clearly and Accurately Disclose All Information in Plaintiff's Consumer File
Violation of 15 U.S.C. § 1681g(a)**

51. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as if fully stated herein.

52. Section 1681g(a)(1) of the FCRA provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer "[a]ll information in the consumer's file at the time of the request."

53. Experian's January 3, 2026 Report, which constitutes Experian's consumer file disclosure to Plaintiff, lists every tradeline with only a "Partial Acct #" rather than a full account number. No complete account number appears for any tradeline in the Report.

54. The operative question under a Section 1681g claim is whether the disclosure is unclear such that the consumer cannot determine the accuracy of the information in that disclosure. See Alexander v. Equifax Info. Services, LLC, 2018 WL 3025939 (D. Nev. June 15, 2018). The omission of complete account identifiers renders Experian's disclosure unclear and impairs Plaintiff's ability to identify the accounts being reported, cross-reference them with Plaintiff's own records, and file meaningful disputes.

55. This harm is most acute with respect to the RentDebt Automated Collections tradeline. Plaintiff disputes the accuracy of the $9,447 collection account but cannot independently research or verify the underlying alleged debt with only the partial identifier "RD1440388." Experian's failure to

# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

provide the full account number directly interferes with Plaintiff's ability to exercise the dispute rights guaranteed by 15 U.S.C. § 1681i.

56. There is no lawful basis under the FCRA for Experian to provide third-party creditors and users with more complete account identifying information than it provides to the consumer whose own file it is disclosing. A 2000 FTC advisory letter (Darcy, June 30, 2000) confirms that omitting full account data from a consumer file disclosure violates 15 U.S.C. § 1681g(a).

57. Experian's failure to provide Plaintiff with a clear and accurate disclosure of all information in Plaintiff's consumer file violates 15 U.S.C. § 1681g(a)(1), directly interfered with Plaintiff's right to dispute inaccurate information in the file, and caused Plaintiff the damages described herein. Plaintiff is entitled to the same categories of relief set forth in Count I.

## DAMAGES

58. As a direct and proximate result of Experian's violations of the FCRA described above, Plaintiff has suffered the following actual damages:

   a. Damage to Plaintiff's credit profile and creditworthiness resulting from the reporting of an inaccurate collection account and other inaccurate information to third parties;

   b. Loss of credit opportunities, including the inability to obtain credit on the most favorable terms available to consumers with accurate credit profiles;

   c. Emotional distress, anxiety, frustration, and mental anguish arising from the discovery that inaccurate negative information is actively being reported about Plaintiff and the inability to obtain timely correction of that information;

   d. Loss of time and resources expended in identifying, researching, and attempting to address the inaccuracies in Plaintiff's Experian consumer file;

   e. Damage to Plaintiff's reputation as a creditworthy consumer.

## PRAYER FOR RELIEF

# UNITED STATES DISTRICT COURT OF MASSACHUSETTS

WHEREFORE, Plaintiff Ehshanti Bey respectfully requests that this Court:

1. Enter judgment in Plaintiff's favor and against Defendant Experian Information Solutions, Inc. on all counts;

2. Award Plaintiff statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Experian's willful noncompliance with the FCRA;

3. Award Plaintiff actual damages pursuant to 15 U.S.C. § 1681o(a)(1) in an amount to be determined at trial, in the alternative to statutory damages;

4. Award Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in such amount as the Court deems just and appropriate;

5. Award Plaintiff the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

6. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: _____

Respectfully submitted,

_____

**Ehshanti Bey**

ehshanti99@yahoo.com